case was tried and recorded before an associate circuit judge on June 25, 1996, and the court entered judgment for plaintiff for $5000 plus interest on July 19, 1996. Defendant subsequently filed a timely[2] application for trial de novo, and plaintiff filed a motion to dismiss the application. The circuit court granted plaintiff's motion and dismissed defendant's application.

On appeal, defendant contends the circuit court erred in dismissing his application because he was entitled to a trial de novo under § 512.180.1, RSMo 1994, which provides:

> Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

Plaintiff's motion to dismiss cited *Baron Rarities, Inc. v. Stone*, 758 S.W.2d 212 (Mo. App.1988). In *Baron*, the defendant appealed from a $250 judgment for the plaintiff[3] following a recorded bench trial. We dismissed the case because the defendant's notice of appeal was untimely but noted, without explanation, that the case fell within § 512.180.2, RSMo 1986, and was "governed by the rules applicable to appeals from judgments rendered by circuit judges" under § 512.190.2, RSMo 1986. *Baron*, 758 S.W.2d at 213.

Unlike *Baron*, the case before us clearly falls within the provisions of § 512.180.1, RSMo 1994. The associate judge was not sitting in the probate division, and the record does not indicate that the case was assigned to the associate division to be tried as a circuit court case. The petition did not claim damages in excess of $5000 because interest is not considered in determining the $5000

limit. *Aldridge v. First Financial Insurance Company*, 828 S.W.2d 734, 735 (Mo.App. 1992). Under § 512.180.1, RSMo 1994, we conclude that defendant is entitled to a trial de novo in the circuit court. *See Merriman v. Chura*, 842 S.W.2d 199, 200 (Mo.App. E.D. 1992).

This appeal is dismissed for lack of jurisdiction.

DOWD, P.J., and GARY M. GAERTNER, J., concur.

**STATE of Missouri, Respondent,**

v.

**Robert C. CRUTCHFIELD, Appellant.**

**Nos. WD 51628, WD 53142.**

Missouri Court of Appeals, Western District.

May 27, 1997.

Susan L. Hogan, Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jacqueline K. Hamra, Asst. Atty. Gen., Jefferson City, for Respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

---

2. The record on appeal is unclear about the filing date for the application for trial de novo. The minutes contain two entries recording the filing of the application, one dated July 26, 1996, and one dated August 5, 1996. The application for trial de novo is file stamped August 5, 1996. However, the application is dated July 26, 1996, and plaintiff's motion to dismiss conceded that it had been filed on July 26th. Apparently, the timeliness of the application is not at issue in this case.

3. The defendant also appealed the judgment for the plaintiff on the defendant's counterclaim.

## ORDER

PER CURIAM.

Robert Crutchfield appeals the circuit court's judgments convicting him of passing a bad check and denying his Rule 29.15 motion for post-conviction relief. We affirm. Rules 30.25(b) and 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Angela Marie ALLENSWORTH, Appellant.**

**No. WD 53239.**

Missouri Court of Appeals,
Western District.

May 27, 1997.

A. Renae Adamson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ULRICH, C.J., P.J., and SPINDEN and EDWIN H. SMITH, JJ.

### ORDER

PER CURIAM.

Appellant appeals the judgment of conviction and sentence of seven years imprisonment and $2,000 fine for possession of a controlled substance, § 195.202.

Judgment affirmed. Rule 30.25(b).

**Rex COLE, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 52848.**

Missouri Court of Appeals,
Western District.

May 27, 1997.

Mary Ann Drape, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald D. Pridgin, Sp. Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for respondent.

Before HANNA, P.J., and ELLIS and LAURA DENVIR STITH, JJ.

### ORDER

PER CURIAM:

Rex Cole appeals from the judgment of the Jackson County Circuit Court suspending his driving privileges for driving while intoxicated. The judgment is affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Willard Davis WARE, Appellant.**

**No. WD 52744.**

Missouri Court of Appeals,
Western District.

May 27, 1997.